UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL CRIBIER, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COMPASS, INC.,<br><br>　　　　Defendant. | Case No. 25-cv-02815-WHO<br><br>**ORDER TRANSFERRING VENUE**<br><br>Re: Dkt. No. 16. |

　　In this nationwide class action, plaintiff Michael Cribier alleges that defendant Compass, Inc. ("Compass"), a national real estate brokerage company, violated the Telephone Consumer Protection Act of 1991 (the "TPCA") by "cold-calling" potential clients whose numbers were on the National Do Not Call Registry. None of the parties reside in this district and none of the events giving rise to Cribier's claims occurred here. The Compass agents who "cold-called" Cribier worked for a Compass branch that operates out of San Diego, California, which is within the jurisdiction of the United States District Court for the Southern District of California. Cribier himself lives in Las Vegas, Nevada, which is also not within this district.

　　Compass moved to dismiss the case for improper venue pursuant to Rule 12(b)(3) and 28 U.S.C. § 1406(a), or, in the alternative, to transfer it to the Southern District of California pursuant to 28 U.S.C. § 1404(a). I will do the latter. Venue is clearly not proper here. Cribier requests that if I transfer the case it should be to the United States District Court for the Southern District of New York (because Compass is headquartered in New York) or to the District of Nevada (where Cribier apparently now resides). Neither alternative venue is superior to the Southern District of California. This matter was suitable for resolution without oral argument and I vacated the hearing that had been scheduled for July 9, 2025. *See* Civ. L. R. 7-1(b). Because the events

giving rise to this litigation occurred in the Southern District of California, where there is local interest in the controversy and easier access to evidence and witnesses, I will exercise my discretion under 28 U.S.C. § 1406(a) to transfer this case there.

## BACKGROUND

On March 26, 2025, Cribier filed this putative class action alleging that Compass, through its agents, violated the Telephone Consumer Protection Act of 1991, 47 U.S.C. §§ 227, *et seq.* (the "TCPA"). He claims that Compass and its contracted real estate agents knowingly and negligently engaged in "cold-calling" practices towards potential clients on the National Do Not Call Registry ("NDNCR") in violation of the TCPA. Complaint ("Compl.") [Dkt. No. 1] ¶¶ 126-133.

The events giving rise to this litigation transpired in San Diego, California. Cribier listed a home that he owned in San Diego on the San Diego Multiple Listing Services, which is affiliated with the National Association of Realtors; that listing is what prompted Compass agents operating out of San Diego to place the at-issue calls. *See* Declaration of Kathy Mehringer ("Mehringer Decl.") [Dkt. No. 16-1] ¶ 8, Ex. A. The agents who contacted Cribier had San Diego area codes, *see* Compl. ¶¶ 78, 83, and apparently operated out of a San Diego branch of a Compass subsidiary, *see* Motion to Dismiss or Transfer ("Mot.") [Dkt. No. 16] 8, 15, 20; Mehringer Decl. ¶ 4.

Today, Cribier's residency is unclear. In his complaint, Cribier stated that he was "at all [relevant] times" a "citizen and resident of the State of California." Compl. ¶ 15. But in his response to Compass's Motion, Cribier's counsel Alex Madar says that at the time that the complaint was filed, Cribier's primary residence was Las Vegas, Nevada.[1] *See* Opposition/Response ("Oppo.") [Dkt. No. 19]. Madar declares that this information was unavailable to him when he filed the complaint. Declaration of Alex Madar ("Madar Decl.") [Dkt. No. 19-1] ¶¶ 2-3 ("At the time of filing the Complaint in this matter, I was unaware that Plaintiff's primary residence was located in Las Vegas, Nevada").

Defendants point out that in a different class action complaint that Cribier filed in the

---

[1] In a footnote in its Reply, Compass notes that it is unclear whether Cribier has sold his property in San Diego yet. Compass's Reply ISO Motion ("Reply") [Dkt. No. 21] at 5.

2

Southern District of California less than a year before filing this action, Cribier stated he was a citizen and resident of the State of California, County of San Diego. *See Michael Cribier et al. v. Carvana LLC*, No. 3:24- cv-00094-DMS-JLB (filed Aug. 20, 2024, S.D. Cal.).[2] Utility bills attached to the Madar Declaration show that Cribier established his primary residence in Las Vegas as early as October 18, 2024, roughly two months after Cribier filed *Cribier v. Carvana*, in which he claimed to be a resident of San Diego. *Id.* ¶ 6 (citing Madar Decl., Ex. 1, which is an energy bill dated October 18, 2024, for his Las Vegas address).[3]

Compass is a national real estate brokerage company formed under the laws of Delaware, with its principal place of business in New York City. Motion to Change Venue ("Mot.") [Dkt. No. 16] 7. It has approximately 525 offices across the country and has about 33,000 real estate agents working under its brand. *Id.* The Compass agents who made the at-issue calls to Cribier are contracted with Compass California III, Inc. ("Compass CA"), a Compass entity and subsidiary that operates out of Southern California. *Id*. 6-7. Compass CA does not operate in Northern California. Mot. 8; Mehringer Decl. ¶ 7.

On May 23, 2025, Compass filed a Motion to Change Venue or to Dismiss, arguing that the Northern District of California was the wrong venue for this case and asking that if I do not dismiss the case outright, I transfer the proceedings to the Southern District of California. Cribier opposes dismissal and asks that I transfer this case not to the Southern District of California, but rather to the District of Nevada, where he now resides, or to the Southern District of New York,

---

[2] The defendants ask that I take judicial notice the complaint in *Cribier v. Carvana*. Def's Request for Judicial Notice ("RJN") [Dkt. No. 16-2]. As it is a publicly available document the authenticity of which is not in question, I will take judicial notice of it. *Cribier v. Carvana* is another putative class action, filed by Cribier in 2024, alleging that Carvana LLC "negligently, knowingly, and/or willfully placed unsolicited text messages to Plaintiff and the putative class on their respective cellular phone numbers which are registered with the National Do-Not Call Registry and/or were on Defendants' internal do-not-call records, all in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227." It is a very similar lawsuit.

[3] Defendants accuse Cribier of intentionally obfuscating his address for the purpose of forum shopping. I have no reason to believe that Cribier intentionally concealed his address from his counsel, or that his counsel knew of Cribier's changed residency when this complaint was filed; Cribier's counsel has set forth by sworn declaration that Cribier's change in residence was unknown to counsel at the time. My conclusion that this case belongs in the Southern District of California is not informed by any accusation, credible or otherwise, of forum shopping.

3

where Compass is headquartered.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(3), a defendant may move to dismiss a complaint for improper venue. Generally, courts look to the venue provisions of 28 U.S.C. § 1391 to determine whether venue is proper. The general venue statute provides that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(1)–(3).

Once the defendant has challenged the propriety of venue in a given court, the plaintiff bears the burden of showing that venue is proper. *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979).

Pursuant to 28 U.S.C. § 1406(a), if the court determines that venue is *improper*, the court must either dismiss the action or, if it is in the interests of justice, transfer the case to a district or division in which it could have been brought. Whether to dismiss for improper venue, or alternatively to transfer venue to a proper court, is a matter within the sound discretion of the district court. *See King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992).

## DISCUSSION

Cribier filed this action in the Northern District of California, where no parties reside and where none of the events giving rise to litigation occurred. He half-heartedly insists that this district is a proper venue for his case because Compass is a national company that operates in California. That is where his argument in favor of this venue starts and ends.

With respect to transfer, while Cribier does not oppose transfer generally, he does oppose transfer to the Southern District of California. He concedes that such a transfer would serve the interests of justice because most of the relevant witnesses would be available there to appear at

4

trial, *see* Oppo. 1, but asks that his case be transferred to the Southern District of New York, where Compass is headquartered and where Cribier believes many of its eventually relevant corporate witnesses reside, or else to the District of Nevada, where he now apparently lives and where he now says he lived when he received the at-issue calls. *See* Oppo. 1. Neither of those options is preferable to the Southern District of California.

**I.    VENUE IS NOT PROPER IN THE NORTHERN DISTRICT OF CALIFORNIA**

Under Fed. R. Civ. Rule 12(b)(3), when a defendant moves to dismiss for improper venue, as Compass has here, the plaintiff must demonstrate that the venue is proper. *Piedmont Label Co.*, 598 F.2d at 496; *Trujillo v. Intermex Prods. USA, Ltd*, No. 1:18-CV-1476 AWI BAM, 2018 WL 6528428, at *8 (E.D. Cal. Dec. 12, 2018). Cribier has not met that burden. The Northern District of California is the wrong place for this case to proceed.

**A. Section 1391(b)(1)**

With respect to § 1391(b)(1), Compass does not reside in this district. A corporation defendant resides in "any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2).

In a state with several districts, like California, a corporation is under the jurisdiction of the districts where it has personal jurisdiction as if "that district [was] a separate State." 28 U.S.C. § 1391(d); *see Ambriz v. Coca Cola Company*, No. 13-cv-03539-JST, 2014 WL 296159, at *3 n.2 (N.D. Cal. Jan. 27, 2014); *Johnson v. Law*, 19 F. Supp. 3d 1004, 1008 (S.D. Cal. 2014). A court cannot assert jurisdiction over a defendant lacking minimum contacts without violating Fourteenth Amendment due process requirements and "traditional notions of fair play and justice." *Int'l Shoe Co. v. State of Wash.*, 326 U.S. 310, 316 (1945). Minimum contacts with the forum state are established by examining the defendant's "general or all-purpose" and "specific or case-linked" relationships with the forum state. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

This court does not have general jurisdiction over this matter. General jurisdiction exists "only where a defendant's contacts with the forum are so 'constant and pervasive' as to render it 'essentially at home.'" *Hidalgo v. JPMorgan Chase Bank, N.A.*, No. 24-cv-02386-BEN-JLB,

2025 WL 1370488, at *2 (N.D. Cal. May 12, 2025) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014)). Contrary to Cribier's argument otherwise, *see* Oppo. 1, general jurisdiction does not arise simply because a corporation does regular business in the forum state. *See Daimler,* 571 U.S. at 139. To be "essentially at home" in a jurisdiction the defendant corporation must (a) be incorporated in the state, or (b) principally conduct business there. *See id.* at 137; *see also Ranza v. Nike, Inc.*, 793 F.3d 1059, 1069 (9th Cir. 2016) (citing *Daimler*, and explaining that "[t]he paradigmatic locations where general jurisdiction is appropriate over a corporation are its place of incorporation and its principal place of business [internal citations omitted] [and] [o]nly in an 'exceptional case' will general jurisdiction be available anywhere else.") (internal citations omitted). As the United States Supreme Court observed in *Daimler*, although a corporation may have a nationwide presence, a "corporation that operates in many places can scarcely be deemed at home in all of them." *Daimler*, at 139 n. 20; *see also Martinez v. Aero Caribbean*, 764 F.3d 1062, 1069-71 (9th Cir. 2014); *Mehr v. Federation Internationale De Football Association*, 115 F. Supp. 3d 1035, 1048 (N.D. Cal. 2018).

Compass conducts business in the San Francisco Bay Area, but its corporate offices are headquartered in New York, New York. Mot. 8; Declaration of Katie Mehringer [Dkt. No. 16-1] ¶¶ 3-4. The only subsidiary that is alleged to have participated in the events giving rise to this litigation is Compass CA. Mot. 7-8. The named agents in Cribier's complaint are licensed to operate under Compass CA, and Compass CA "has no presence or operations of any kind in Northern California." Mot. 9; Mehringer Decl. ¶¶ 1,7. This court does not have general jurisdiction over Cribier's claims.

It also lacks specific jurisdiction. In the Ninth Circuit, specific jurisdiction over an out-of-state defendant exists if (1) it has 'purposefully' directed its activities towards the forum state; (2) the claim is born as a result of its activities; and (3) the exercise of jurisdiction is reasonable or "comport[s] with fair play and substantial justice." *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1023 (9th Cir. 2017); *see also Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004). In evaluating the requisite minimum contacts, a defendant has with the state, the court "focuses on the relationship among the defendant, the forum, and the litigation." *Walden*

6

1  *v. Fiore*, 571 U.S. 277, 283-84 (2014); *Axiom Foods, Inc. v. Acerchem Int'l, Inc*., 874 F.3d 1064,
2  1068 (9th Cir. 2017).

3        Cribier argues that Compass is subject to this court's specific jurisdiction because while the facts giving rise to *his* injury occurred in San Diego, "the facts giving rise to the *class*'[s] alleged injuries in this case took place in almost every district in the country." Oppo. 1 (emphasis added). That is not sufficient to establish specific jurisdiction in this court. In the context of evaluating jurisdiction for a proposed class action, courts have consistently held that the *named plaintiff*'s claim "must arise out of or result from the defendant's forum-related activities," rather than the claims of the "unnamed members of the proposed class, who are not party to the litigation absent class certification." *See* Mot. 14, n.6 (string citing *Ambriz v. Coca Cola Company*, No. 13–cv–03539–JST, 2014 WL 296159, *6 (N.D. Cal. Jan. 27, 2014), *Levine v. Entrust Group*, 2012 WL 6087399, at *4 (N.D. Cal. Dec. 6, 2012), and *Johnson v. Law*, 19 F. Supp. 3d 1004, 1010 (S.D. Cal. 2014)).

### B. Section 1391(b)(2)

With respect to § 1391(b)(2), the actions of which Cribier complains do not enjoy a "substantial" nexus with this district. 28 U.S.C. § 1391(b)(2). Courts in this circuit have held in TCPA actions that where the allegedly improper calls were not made from or received in the district where the action was filed, venue was not proper in that district. *See Johnson*, 19 F. Supp. 3d at 1010.

Here, the named agents, who were working for a Compass office in San Diego, allegedly made calls to Cribier to inquire about a home *in San Diego* that he had listed for sale in January of 2025. Mot. 8-10; Mehringer Decl. ¶ 8, Ex. A at pp. 4-5; Reply 7. Cribier openly admits that his alleged injuries did not arise in the Northern District and agrees that the interest of judicial efficiency is served by transferring this case to the Southern District of California. Oppo. 1 ("Transfer to the Southern District of California would also be in the interest of justice to ensure that the most relevant witnesses are available to appear at trial."). Because the events and/or omissions giving rise to Cribier's claim do not enjoy a "substantial" nexus with the Northern District of California, venue in this district is not proper under § 1391(b)(2).

### C. Section 1391(b)(3)

Venue under § 1391(b)(3) is appropriate only when venue is not appropriate under §§ 1391(b)(1) or 1391(b)(2) in any forum. *See Trujillo*, 2018 WL 6528428, at *4; 28 U.S.C. § 1391(b)(3). Compass argues that § 1391(b)(3) cannot be used to establish venue in the Northern District because venue *is* proper in the Southern District of California. Cribier does not address § 1391(b)(3) in his response to the defendant's Motion. The complaint and Compass's uncontested representations suggest that venue in the Southern District of California would be proper. There is no basis to apply § 1391(b)(3) here.

## II. TRANSFERRING VENUE UNDER SECTION 1406

Where an action has been commenced in an improper venue, a court shall dismiss the action or, if deemed to be in the interest of justice, transfer it to different venue where the case could have been properly brought. 28 U.S.C. § 1406(a); *Russo v. Omadi Inc.*, No. 24-CV-02194-HSG, 2024 WL 4607709, at *1 (N.D. Cal. Oct. 29, 2024). Venue is proper where (1) "any defendant resides, if all defendants are residents of the State in which the district is located"; (2) "a substantial part of the events or omissions giving rise to the claim occurred"; or (3) where there is "no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

"Section 1404(a) generally applies when the transferor court is a proper venue for the action, while § 1406(a) is relied on when venue is not proper in the forum where a plaintiff originally filed suit." *Nelson-Devlin v. Eli Lilly & Co.*, Nos. 2:14-cv-02811-KJM-EFB, 2:14-cv-02914-KJM-EFB, 2:14-cv-03004-KJM-EFB, 2015 WL 5436700, at *5 (E.D. Cal. Sept. 15, 2015). "Unlike 1404(a) transfers, no particular factors guide the decision ordering transfer under § 1406." *Id.* (internal quotation marks omitted). However, courts in this circuit have observed that when deciding whether transfer would be in the interests of justice, the relevant factors "are the same as those applicable to Section 1404(a)."[4] *Billing v. CSA-Credit Sols. of Am., Inc.*, No. 10-cv-0108

---

[4] Pursuant to 28 U.S.C. § 1404(a), "a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "A court ruling on a motion to transfer must balance

8

1  BEN (NLS), 2010 WL 2542275, at *5 (S.D. Cal. June 22, 2010). And again, "[i]t is only proper

2  to transfer venue to a court where the case 'could have been brought' (i.e., the 'transferee court'

3  must have proper subject matter jurisdiction, proper venue, and be able to exercise personal

4  jurisdiction[.])" *Abrams Shell v. Shell Oil Co.*, 165 F. Supp. 2d 1096, 1103 (C.D. Cal. 2001).

   As discussed, this action might have been properly brought in the Southern District of California, where the named Compass contractors that made the allegedly unlawful calls operate and where Cribier owned (or owns, *see supra*, n.1) property. *See* 28 U.S.C. § 1391(b)(2); *see also Abrams Shell*, 165 F. Supp. at 1103. Cribier argues that this matter might have been brought in New York City because that is where Compass is headquartered; perhaps, but as explained above, the alleged acts that gave rise to this action occurred in the Southern District of California and related to property Cribier owned (or owns) in San Diego. The same logic applies to disfavor transferring venue to the District of Nevada.

   The factors that courts may consider when evaluating motions to transfer under 28 U.S.C. § 1404(a), which some courts have applied to evaluate whether to transfer venue under § 1406(a), *see Billings*, 2010 WL 2542275, at *5, support transferring this action to the Southern District of California. Because the named Compass agents supposedly responsible for placing the at-issue phone calls operate out of San Diego, transferring this case to the Southern District of California will ultimately improve access to key witnesses and allow the parties to more efficiently gather evidence from them.

   The Southern District of California also has a comparatively greater local interest in this

---

the convenience of parties and witnesses, and the interests of justice." *Pfeiffer v. Himax Techs., Inc.*, 530 F. Supp. 2d 1121, 1123 (C.D. Cal. 2008) (citing 28 U.S.C. § 1404(a)). In analyzing the "interests of justice" involved, a number of factors are relevant, including the following: (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of the compulsory process to compel attendance of unwilling non-party witnesses; and, (8) the ease of access to sources of proof. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000). "No single factor is dispositive, and a district court has broad discretion to adjudicate motions for transfer on a case-by-case basis." *Sharma v. Globalfoundries U.S., Inc.*, No. 5:15-CV-03631-EJD, 2016 WL 2742399, at *1 (N.D. Cal. May 11, 2016) (citation omitted).

controversy compared to this court or either of the other courts that Cribier proposes. The alleged violations of the TCPA were performed by a real estate company, Compass CA, that operates in its district.[5] *See Gilmore-Webster v. Bayou City Homebuyers Inc.*, No. 18-CV-05702-JSC, 2019 WL 1100492, at *11 (N.D. Cal. Mar. 8, 2019) ("Texas has a greater local interest because the lion's share of the events occurred in Texas."); *PlayUp, Inc. v. Mintas*, No. 221CV02129GMNNJK, 2023 WL 2020791, at *7 (D. Nev. Feb. 13, 2023) ("Nevada has an interest in adjudicating disputes over conduct that allegedly occurred within its borders . . . .").

Finally, I give Cribier's own choice of forum little weight in these circumstances, where this district is not a proper venue and where Cribier has also filed a case in the Southern District of California within the last year, suggesting he is not unfamiliar with or prejudiced by litigating in that venue. *See* discussion *supra*, "Background" (discussing Cribier's other TPCA class action, filed in August 2024, in the Southern District of California). The convenience of the parties and witnesses, access to evidence, and local interest in the controversy all favor transfer of this matter to the Southern District of California.

## CONCLUSION

For the foregoing reasons, this action shall be transferred to the United States District Court for the Southern District of California for all further proceedings. All future hearings in this action are vacated.

**IT IS SO ORDERED.**

Dated: July 14, 2025

William H. Orrick
United States District Judge

---

[5] Compass also points out that litigation in the Southern District of California proceeds more quickly than litigation in the Southern District of New York, meaning that transferring this case to Southern District of California would likely result in a quicker resolution of the action. Mot. 21; Request for Judicial Notice [Dkt. No. 16-2] Ex. B, ECF pgs. 29-40. The difference in litigation pace between the two districts is negligible, so this factor does not drive my conclusion one way or the other.