**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL CRIBIER, Plaintiff, v. COMPASS, INC., Defendant. | Case No.: 3:25-cv-01833-RBM-VET<br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**<br>**[Doc. 46]** |

Pending before the Court is Plaintiff Michael Cribier's ("Plaintiff") Motion for Leave to File Amended Complaint ("Motion"). (Doc. 46.) Defendant Compass, Inc. ("Defendant") filed an Opposition to the Motion (Doc. 47) and Plaintiff filed a Reply in Support of the Motion (Doc. 49). The Court finds this matter suitable for determination without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons set forth below, Plaintiff's Motion (Doc. 46) is **GRANTED**.

## I. BACKGROUND[1]

On March 26, 2025, Plaintiff, on behalf of himself and others similarly situated, filed the operative Class Action Complaint ("Complaint") in the United States District Court,

[1] This factual summary reflects Plaintiff's allegations, not conclusions of fact or law by the Court.

Northern District of California. (Doc. 1.) Plaintiff claims that Defendant engages in and profits from making marketing calls and texts without regard to any recipient's status on the National Do Not Call Registry ("NDNCR") in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). (*Id.* ¶¶ 6, 9–10.) On Defendant's motion (*see* Doc. 16), the action was transferred to this District on July 18, 2026. (Docs. 25–26.) On August 8, 2025, Defendant filed an Answer to the Complaint. (Doc. 28.) The case was transferred to the undersigned on January 16, 2026. (Doc. 43.)

On March 13, 2026, almost a year after commencing this action, Plaintiff filed the instant Motion along with the Proposed First Amended Class Action Complaint ("Proposed FACC") attached as an exhibit. (*See* Doc. 46; Doc. 46-2.) On June 12, 2026, Plaintiff filed a Notice of Errata "to correct an inadvertent scrivener's error in the Proposed First Amended Complaint" attached to the instant Motion. (Doc. 53 at 2.) Plaintiff explains that "[d]ue to a scrivener's error by counsel, the text included in paragraphs 80–81 of the original [Complaint] was unintentionally omitted from the version filed with the Court. . . . [but was] meant to be included and corrected in the Proposed First Amended Complaint." (*Id.*) Along with the Notice of Errata, Plaintiff submitted a Corrected Proposed First Amended Complaint ("Corrected Proposed FACC") as well as a redline comparing the Proposed FACC to the Corrected Proposed FACC. (*See* Doc. 53-2, Ex. A (Proposed FACC); Doc. 53-3, Ex. B (redline).)

## II. <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure ("Rule") 15 governs amended and supplemental pleadings. Once the time for amendment as a matter of course has passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Court "should freely give leave [to amend] when justice so requires." *Id.* District courts have substantial discretion in determining when an amendment should be allowed. *See Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill*, 130 F.3d 432, 439 (9th Cir. 1997). Courts consider several factors, commonly referred to as the "*Foman* factors," in ruling on a motion for leave to amend: "undue delay, bad faith or

dilatory motive, futility of amendment, and prejudice to the opposing party." *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "[T]he consideration of prejudice to the opposing party carries the greatest weight." *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)). Absent prejudice, "or a strong showing of any of the remaining . . . factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052. "Defendants carry the burden of showing why leave to amend should not be granted." *Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1154 (N.D. Cal. 2010) (citing *Genentech, Inc. v. Abbott Lab'ys*, 127 F.R.D. 529, 530–31 (N.D. Cal. 1989)).

"Rule 15(d) permits the filing of a supplemental pleading which introduces a cause of action not alleged in the original complaint and not in existence when the original complaint was filed." *Cabrera v. City of Huntington Park*, 159 F.3d 374, 382 (9th Cir. 1998) (citation omitted). Under Rule 15(d), the Court "may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). "Courts weigh the same factors when deciding motions under Rule 15(d) and Rule 15(a)." *Red Hat, Inc. v. VirtaMove, Corp.*, 785 F. Supp. 3d 603, 611 (N.D. Cal. 2025). "Absent prejudice or a 'strong showing' of any other *Foman* factor, there is a presumption in favor of granting leave to supplement." *Lyon v. ICE*, 308 F.R.D. 203, 214 (N.D. Cal. 2015) (quoting *Eminence Capital*, 316 F.3d at 1052). "Courts also consider whether allowing leave to supplement would align with the goal of Rule 15(d), which is to promote judicial efficiency." *Id*. Indeed, "[t]he purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as possible by allowing the addition of claims which arise after the initial pleadings are filed." *William Inglis & Sons Baking Co. v. ITT Cont'l Baking Co., Inc.*, 668 F.2d 1014, 1057 (9th Cir. 1982).

## III. DISCUSSION

### A. Procedural Issues

Plaintiff seeks leave to amend under Rule 15(a) to revise certain existing allegations and add a new TCPA claim, a proposed subclass, and supporting factual allegations based on a phone call he allegedly received on February 11, 2026. (Doc. 46 at 7–9; *see* Doc. 46-3, Ex. B.) As a preliminary matter, the Court notes that Plaintiff's proposed amendments related to the new TCPA claim are more properly addressed under Rule 15(d), not Rule 15(a), because they are based on conduct that took place after the Complaint was first filed.

"Rule 15(a) addresses matters occurring up to the time Plaintiff[ ] filed the original [C]omplaint and Rule 15(d) addresses matters occurring thereafter." *Morrow v. City of San Diego*, No. 11–cv–01497–IEG (KSC), 2012 WL 2675454, at *1 (S.D. Cal. July 6, 2012). Although Rule 15(a) applies to some of Plaintiff's proposed changes, namely those concerning his existing allegations, the proposed changes relating to the new TCPA claim are based on conduct that took place a year *after* he filed the Complaint. The proper procedural mechanism for such proposed amendments is therefore a supplemental pleading pursuant to Rule 15(d). *See Eid v. Alaska Airlines, Inc.*, 621 F.3d 858, 874 (9th Cir. 2010).

Plaintiff invokes and discusses Rule 15(a) in the Motion but does not address Rule 15(d). (*See generally* Doc. 46.) Defendant also does not address Rule 15(d) or argue that the Motion is procedurally improper as grounds for its denial. (*See generally* Doc. 47.) "However, this is a distinction without a difference, as the legal standard for granting or denying a motion to supplement under Rule 15(d) is the same as the standard for a Rule 15(a) motion to amend." *Ereikat v. Michael & Assocs., PC*, No. 14-CV-05339-JSC, 2015 WL 4463653, at *6 n.5 (N.D. Cal. July 21, 2015) (citations omitted); *see Lyon*, 308 F.R.D. at 214 ("The legal standard for granting or denying a motion to supplement under Rule 15(d) is the same as for amending one under 15(a)."). "When a party erroneously denominates a supplemental pleading as an amended pleading, a court simply should evaluate allegations involving facts that occurred after the complaint was filed as a supplemental pleading." *Fresno Unified Sch. Dist. v. K.U. ex rel. A.D.U.*, 980 F. Supp. 2d

1160, 1175 (E.D. Cal. 2013) (citing *United States ex rel. Wulff v. CMA, Inc.*, 890 F.2d 1070, 1073 (9th Cir. 1989)). "It is Rule 15(d), not Rule 15(a), that governs supplemental complaints, even if the complaint is mislabeled as an amended complaint." *Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1337 n.5 (Fed. Cir. 2008). As such, the Court has "discretion to decide whether or not to allow [Plaintiff's] supplemental complaint so long as it did so 'upon reasonable notice and upon such terms as are just.'" *Id.* (citing Fed. R. Civ. P. 15(d)); *see Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988) (noting that district courts have broad discretion in deciding whether to allow a supplemental pleading).

In this case, Plaintiff attached a clean and a redlined version of the Proposed FACC to the Motion filed on March 13, 2026, which provided Defendant with notice of his proposed changes. (*See* Doc. 46-2, Ex. A at 1–32; Doc. 46-3, Ex. B at 1–34.) Because the standards for deciding Rule 15(a)(2) and Rule 15(d) motions are generally the same, the Parties had ample opportunity to address the applicable *Foman* factors. Accordingly, and in the interests of judicial economy, the Court construes Plaintiff's Motion as under Rule 15(a) and Rule 15(d). *See PNY Techs., Inc. v. SanDisk Corp.*, Case No. 11–cv–04689–WHO, 2014 WL 294855, at *2 (N.D. Cal. Jan. 27, 2014) (rejecting argument that a motion to amend was procedurally improper, even where Rule 15(d) applied to some of the proposed changes and the motion only addressed Rule 15(a), because "[t]hat is a distinction with little difference"); *Chapman v. Pier 1 Imports, Inc.*, No. CIV. S-04-1339 LKK/DAD, 2011 WL 13366123, at *1 (E.D. Cal. June 16, 2011) (construing a motion to amend under both Rule 15(a) and Rule 15(d) in light of Ninth Circuit precedent and finding a distinction between such motions was "without merit") (citing *Cabrerea*, 159 F.3d at 382).

**B. Proposed Changes to Existing Allegations**

Plaintiff requests leave to amend certain existing allegations including those concerning jurisdiction, venue, class action assertions, and Defendant's former agents. (*See* Doc. 46-3, Ex. B ¶¶ 13, 15–16, 19, 23, 25, 28, 54, 56, 74, 92–93, 106–13, 120–21.) Because Defendant advances no argument opposing these proposed amendments, Plaintiff

is **GRANTED** leave to amend to his existing allegations.[2]

**C. Proposed New TCPA Claim**

Plaintiff also requests leave to add factual allegations concerning a prerecorded telemarketing call that he allegedly received in February 2026 as well as a new claim for violations of the TCPA's prerecorded and artificial voice provisions, an additional request for damages for such violations, and a proposed subclass consisting of individuals who received prerecorded messages from Defendant based on the alleged February 2026 phone call. (Doc. 46 at 7–8, 11; *see* Doc. 46-3, Ex. B ¶¶ 7, 10, 67–69, 83–84, 104–105, 139–48.)

Defendant does not squarely address each *Foman* factor. Rather, Defendant argues "the proposed amendment is futile and fails to correct errors in the original pleading that have come to light since filing." (Doc. 47 at 2.) Defendant argues, in particular, that Plaintiff's proposed changes are futile and not in good faith because the Proposed FACC "would be subject to a motion" to dismiss and "contains allegations that are expressly contradicted by the discovery taken in the action to date." (*Id*. at 2, 4.) The Court addresses Defendant's arguments before turning to the remaining *Foman* factors.

**1. Futility**

Defendant contends the Proposed FACC is futile because Plaintiff: (1) provided express consent to be called which undermines his proposed new TCPA claim; and (2) has no basis upon which to allege vicarious liability because such allegations are contradicted by documents produced in discovery. (*See* Doc. 47 at 4–5.)

A proposed amended complaint is futile if it would be immediately "subject to dismissal." *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998). Futility alone may warrant denying leave to amend "only if no set of facts can be proved under the

---

[2] Defendant contends that Plaintiff should be required to correct existing agency allegations in the original Complaint "that he knows to be false." (Doc. 47 at 2–4.) However, Defendant provides no legal support for its contention and, as discussed *infra*, these arguments are more properly raised on a motion to dismiss.

amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018) (quoting *Sweaney v. Ada Cnty.*, 119 F.3d 1385, 1393 (9th Cir. 1997)). The "proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (citation omitted).

"Denial of leave to amend on this ground is rare." *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003). "Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Id.* (citation omitted). "While courts will determine the legal sufficiency of a proposed amendment using the same standard as applied on a Rule 12(b)(6) motion, . . . such issues are often more appropriately raised in a motion to dismiss rather than in an opposition to a motion for leave to amend." *SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002) (citations omitted); *see Van Steenwyk v. Van Steenwyk*, Case No. 2:20-cv-02375-FLA (AFMx), 2021 WL 12295260, at *3 (C.D. Cal. Dec. 10, 2021) ("[F]utility is more properly addressed on a noticed motion to dismiss than in opposition to" a motion to amend).

In this case, Defendant disagrees with Plaintiff's allegation that he did not provide express consent to receive marketing calls from real estate agents and argues that documents produced in discovery show he "wanted to be called by real estate agents" because he provided his phone number for inquiries on his house listed for sale. (Doc. 47 at 4 (emphasis omitted).) However, "since a challenged motion for leave to amend operates like a motion to dismiss, the Court [must] accept[ ] all factual allegations in the proposed amended complaint as true and construe[ ] them in the light most favorable to Plaintiff[ ] for the purposes of [the] Motion." *Harper Constr. Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, Case No. 3:18-cv-00471-BAS-NLS, 2020 WL 1820124, at *9 (S.D. Cal. Apr. 10, 2020). Additionally, "[e]xpress consent under the TCPA is an affirmative

defense[,]" not an element of a plaintiff's prima facie case. *Haghayeghi v. Guess?, Inc.*, No. 14cv00020 JAH-NLS, 2015 WL 1345302, at *4–5 (S.D. Cal. Mar. 24, 2015) (citing *Grant v. Cap. Mgmt. Servs., L.P.*, 449 Fed. Appx. 598, 600 n. 1 (9th Cir. 2011)). As Plaintiff specifically alleges that he "did not provide prior express written consent to be contacted using an automatic dialing system or prerecorded voice" (Doc. 46-3, Ex. B ¶ 10), Defendant disputes an issue of fact. *See Haghayeghi v*, 2015 WL 1345302, at *5 (denying motion to dismiss TCPA claim based on consent where "there [was] a dispute as to whether Plaintiff consented to receive text messages from Defendant."). As such, "a resolution of this issue involves questions of fact, which is not a basis on which to deny a motion for leave to amend due to futility." *Rastgouie v. Michael Kors Stores Cal., Inc.*, Case No. LA CV19-00012 JAK (JEMx), 2021 WL 4786886, at *5 (C.D. Cal. Mar. 2, 2021).

Defendant further claims documents produced in discovery show that real estate agents are independent contractors which is "fatal to Plaintiff's claim" based on vicarious liability. (Doc. 47 at 5.) But a contract "which designates a contracting party as an independent contractor and not an employee, does not necessarily negate a finding of an employment relationship." *Soto v. Diakon Logistics (Del.), Inc.*, Civil No. 08cv33-L(AJB), 2009 WL 690178, at *3 (S.D. Cal. Mar. 13, 2009) (citing *Estrada v. FedEx Ground Package Sys., Inc.*, 154 Cal. App. 4th 1, 10 (2007)). Such a determination involves "a fact intensive analysis" that Defendant did not engage with. *See id.* And "whether an agent-principal relationship exists is a question of fact and is not an issue appropriately resolved on a motion to dismiss." *Clark v. PAR, Inc.*, No. CV-15-02322 MWF (FFMx), 2015 WL 13781846, at *4 (C.D. Cal. July 22, 2015); *see Abante Rooter & Plumbing, Inc. v. Alarm.com Inc.*, Case No. 15-cv-06314-YGR, 2018 WL 3707283, at *3 (N.D. Cal. Aug. 3, 2018) (noting that for vicarious liability under the TCPA, "[t]he existence of an agency relationship generally presents a question of fact.") (quoting *Ward v. Mgmt. Analysis Co. Emp. Disability Benefit Plan*, 135 F.3d 1276, 1283 (9th Cir. 1988), *rev'd in part on other grounds, UNUM Life Ins. Co. of Am. v. Ward*, 526 U.S. 358 (1999)).

Thus, the Court will not deny the Motion based on futility and defers ruling on the

sufficiency of the allegations presented in the Proposed FACC. *See Entangled Media, LLC v. Dropbox Inc.*, 348 F.R.D. 649, 656 (N.D. Cal. 2025) ("Where a proposed amended claim involves complicated factual or legal issues, it is generally preferable for the sufficiency of that claim to be addressed on a fully briefed motion to dismiss rather than under the more circumscribed Rule 15(a) 'futility' analysis."). As Defendant acknowledges (*see* Doc. 47 at 6), Defendant is free to challenge the sufficiency of such allegations in a subsequent motion. *See FlatWorld Interactives LLC v. Apple Inc.*, Case No. 12–cv–01956–WHO, 2013 WL 6406437, at *1 (N.D. Cal. Dec. 6, 2013) ("Granting leave to amend does not necessarily mean that the underlying allegations ultimately have merit.").

**2. Bad Faith**

Defendant argues that the Proposed FACC was not made in good faith because Plaintiff "completely le[ft] out" that he "wanted to be called by real estate agents," and makes allegations that are "false," "irrelevant," and "are expressly contradicted by the discovery taken in the action to date." (Doc. 47 at 2–4 (emphasis omitted).)

"Finding bad faith requires courts to focus on the plaintiff's motives for not amending the complaint to assert the proposed new claims earlier." *Larios v. Nike Retail Servs., Inc.*, No. 11cv1600–GPC–NLS, 2013 WL 4046680, *3 (S.D. Cal. Aug. 9, 2013) (citing *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir. 1984)). "A party acts in bad faith when it seeks to amend its pleadings solely for a 'wrongful motive' such as unnecessary delay or harassment." *Delgado v. Orchard Supply Hardware Corp.*, No. 1:09–cv–01839 SMS, 2011 WL 4627073, *3 (E.D. Cal. Oct. 3, 2011). "Bad faith will not be found 'where the record demonstrates that plaintiffs' allegations were not frivolous and that they were endeavoring in good faith to meet the pleading requirements.'" *Larios*, 2013 WL 4046680, *3 (quoting *Eminence Capital*, 316 F.3d at 1053).

Here, as previously discussed (*see* Sec.III.B.1.), Defendant contests factual and legal issues that do not automatically render Plaintiff's proposed vicarious liability allegations "false" or frivolous. And Defendant cites "no authority to establish that mere factual disputes constitute evidence of bad faith." *Van Steenwyk*, 2021 WL 12295260, at *3

(internal citation omitted). Nor does Defendant present any evidence indicating that Plaintiff sought leave to amend for a wrongful motive. *See Delgado*, 2011 WL 4627073, *3. Under these circumstances, the Court is not persuaded that Plaintiff acted in bad faith.

**3. Remaining Factors**

Plaintiff argues that undue delay does not exist because he moved for leave to amend "mere weeks after he discovered . . . new facts underlying his amendment," namely the phone call he allegedly received from a Compass real estate agent on February 11, 2026. (Doc. 46 at 10–11.) Plaintiff also argues that the "proposed amendment will cause no prejudice," because "a single cause of action for violation of the TCPA's prerecord and artificial voice provisions—does not significantly alter the factual or legal landscape of the case." (*Id*. at 13.) Defendant does not refute or respond to these arguments.

Even so, there is no evidence that Plaintiff "knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990). Rather, Plaintiff's proposed changes are based on conduct that took place after the Parties' deadline to file amended pleadings (*see* Doc. 35 at 1), and Plaintiff sought leave to amend promptly after he received the alleged phone call on February 11, 2026. *See Larios*, 2013 WL 4046680, at *5.

Moreover, Defendant fails to demonstrate any prejudice from Plaintiff's proposed changes. To determine potential prejudice to the opposing party, the Court considers whether the amendment would "greatly change the parties' positions in the action, and require the assertion of new defenses." *Peruta v. Cnty. of San Diego*, 09–CV–2371–IEG (BLM), 2010 WL 2612942, at *4 (S.D. Cal. June 25, 2010) (citing *Phoenix Sols., Inc. v. Sony Elec., Inc.*, 637 F. Supp. 2d 683, 690 (N.D. Cal. 2009); *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)). "Prejudice is generally mitigated where the case is still in the discovery stage, no trial date is pending and no pretrial conference has occurred." *Calderon v. Tulare Reg'l Med. Ctr.*, No. 1:17-cv-0040-BAM, 2018 WL 4473626, at *5 (E.D. Cal. Sept. 17, 2018). As Plaintiff points out, "this litigation is still in its early stages, with ample opportunity for [Defendant] to conduct discovery and

depose Plaintiff about his additional claims." (Doc. 46 at 14 (citation omitted).) Based on the procedural posture of this action, the Court finds that any prejudice Defendant may suffer does not rise to the level necessary to warrant denial of leave to amend.

Finally, the Court finds that "[t]he interests of judicial economy and the liberal interpretation of Rule 15(d) favor granting leave to file the supplemental complaint in this case." *Volpe*, 858 F.2d at 476. Plaintiff's proposed changes have "some relation" to the TCPA claim already in the Complaint—Plaintiff asserts a TCPA claim against Defendant for violations of the same statute concerning Defendant's alleged cold calling and messaging practices. *See id.* at 474 ("While some relationship must exist between the newly alleged matters and the subject of the original action, they need not all arise out of the same transaction.") (citation omitted); *Sywula v. Teleport Mobility, Inc.*, 652 F. Supp. 3d 1195, 1213 (S.D. Cal. 2023). Allowing Plaintiff to supplement his pleading would further "promote judicial efficiency" because a separate action for his proposed new TCPA claim would likely result in duplicative efforts through separate rounds of substantially similar discovery, motion practice, and trial. *See Planned Parenthood of S. Ariz. v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997) ("To determine if efficiency might be achieved, courts assess 'whether the entire controversy between the parties could be settled in one action.'") (quoting 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil 2D § 1506 (1990)). These factors therefore weigh in favor of Plaintiff.

## IV. CONCLUSION

Based on the foregoing reasons, the Motion (Doc. 46) is **GRANTED**. Plaintiff **SHALL** file the Corrected Proposed FACC, attached to the Notice of Errata (Doc. 53-2, Ex. A at 2–32), **on or before August 14, 2026**.

**IT IS SO ORDERED**.

DATE: August 7, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE